IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT BIAGAS,

        Plaintiff,                           No. CIV S-08-2646 DAD P

    vs.

WALKER, et al.,

        Defendants.                 ORDER

/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. In accordance with this court's November 17, 2008 order, plaintiff has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, plaintiff will be granted leave to proceed in forma pauperis.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. See 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. See 28

1

U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must

accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In the present case, plaintiff has identified as defendants Warden Walker, Warden Krammer, Medical and CDC Staff, and C/O's Sacramento Prison.

/////

3

1    Plaintiff's allegations are unclear and difficult to decipher.  First, it appears that
2 plaintiff is alleging that a Karen Gray discriminated against him and denied him access to the
3 court by not providing plaintiff with his legal material and by refusing to send his legal mail.
4 Then, plaintiff lists a series of legal claims including excessive use of force, false imprisonment,
5 violation of the First Amendment and deliberate indifference.  However, it is not clear who
6 plaintiff is asserting these claims against.  Finally, in the "Relief" section of the form complaint,
7 asking plaintiff what relief he wants from the court, plaintiff writes "I have to filed into your
8 court on this 1983 civil standard claim in order to seek the relief that I must seek into your court
9 for [illegible] into this matter being present."  (Compl. at 3-4.)

10    The allegations in plaintiff's complaint are so vague and conclusory that the court
11 is unable to determine whether the current action is frivolous or fails to state a claim for relief.
12 The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
13 Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
14 the defendants and must allege facts that support the elements of the claim plainly and succinctly.
15 Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
16 with at least some degree of particularity overt acts which defendants engaged in that support his
17 claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
18 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
19 amended complaint.

20    If plaintiff files an amended complaint, he is advised that all defendants must be
21 identified in the caption of his pleading and that all defendants must be named, with position and
22 place of employment, in the section of the form designated for that purpose.  In his original,
23 plaintiff has referred to some defendants as "Medical and CDC Staff" and "C/O's Sacramento
24 Prison."  Plaintiff is advised that the court cannot order service of a complaint on defendants not
25 actually identified by name in his amended complaint.  In addition, if plaintiff seeks to bring a
26 /////

claim against Karen Gray, he should identify her in the caption of his pleading and provide the requisite information about her in the section of the form designated for that purpose.

If plaintiff elects to proceed with this action by filing an amended complaint, he is also advised that to state a cognizable claim for denial of access to the courts, he must demonstrate an "actual injury." See Lewis v. Casey, 518 U.S. 343, 351-52 (1996); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). At least with regard to the allegations in his original complaint, it appears that Karen Gray may have refused to send his legal mail. However, in an amended complaint, plaintiff must clarify whether he incurred an actual injury as a result of her alleged actions.

In addition, to state a cognizable claim for inadequate medical care, plaintiff is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

To proceed on an inadequate medical care claim, plaintiff must allege facts demonstrating how defendants' actions rose to the level of "deliberate indifference." Plaintiff must allege in specific terms how each defendant was involved in the denial of his medical care. Plaintiff's original complaint fails to allege any specific causal link between the actions of the named defendants and the claimed constitutional violations. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and

5

conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, if plaintiff elects to proceed with this action by filing an amended complaint he should clarify what relief he seeks. For example, if plaintiff believes he is entitled to compensatory or punitive damages, he should state what amount he seeks from the defendants. Similarly, if plaintiff seeks an injunction, he should state who the injunction should apply to and what the injunction should cover.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Also pending before the court is plaintiff's request to move forward with this action in light of his filing of an application to proceed in forma pauperis. Plaintiff is advised that such a request is unnecessary. The court will proceed with plaintiff's case in a timely fashion so long as plaintiff complies with court orders. Plaintiff has also filed a document styled "Motion for Motion An Order Requesting Production or Summary Judgment of this Defendant Order Motion Declaration In Support or Motion to Proceed In Forma Pauperis." Therein, plaintiff appears to claim that he has filed his complaint within the statute of limitations and has exhausted his administrative remedies. However, it is not clear what plaintiff is requesting in this document. Accordingly, plaintiff's "motion" will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 16, 2008 application to proceed in forma pauperis (Doc. No. 13) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. Plaintiff's December 11, 2008 request to move forward with this case (Doc. No. 10) is denied as unnecessary.

6. Plaintiff's December 16, 2008 "motion" (Doc. No. 11) is denied without prejudice.

7. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: December 19, 2008.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
biag2646.14a