IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT BIAGAS,

        Plaintiff,                                  No. CIV S-08-2646 DAD P

   vs.

WALKER, et al.,

        Defendants.                          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. On December 22, 2008, the court dismissed plaintiff's complaint and granted him thirty days leave to file an amended complaint. The allegations in plaintiff's original complaint were unclear and simply too difficult to decipher. Plaintiff has not filed an amended complaint. He has, however, filed what appears to be a motion for a preliminary injunction.

        Plaintiff's motion is defective, premature, and incoherent and will be denied. First, plaintiff's five-page motion is defective because it does not comply with this Court's Local Rules. Plaintiff is advised that the court will not entertain any future request or motion for preliminary injunctive relief that is not supported by (1) a declaration signed under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities

/////

addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought. See Local Rule 65-231.

Second, plaintiff's motion is premature because no defendants have been served at this time and thus have not been provided an opportunity to respond to plaintiff's allegations. See Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Finally, plaintiff's motion for preliminary injunction is not coherent. The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The court is unable to determine what plaintiff's complaint is or what relief he is seeking. Thus, plaintiff has failed to show that he is entitled to any relief.

Accordingly, IT IS HEREBY ORDERED that plaintiff's January 14, 2009 motion for a preliminary injunction (Doc. No. 16) is denied.

DATED: January 22, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
biag2646.pi