IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VINCENT BIAGAS,

    Plaintiff,                     No. CIV S-08-2646 DAD P

    vs.

WALKER, et al.,                     <u>ORDER AND</u>

    Defendants.             <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

**PROCEDURAL HISTORY**

        On December 22, 2008, the court screened plaintiff's original complaint. <u>See</u> 28 U.S.C. § 1915A. The court noted that plaintiff's allegations were unclear and difficult to decipher. It appeared that plaintiff was alleging that one Karen Gray discriminated against him by denying him access to the court by not providing him with his legal materials and refusing to send his legal mail. Plaintiff's complaint, however, also listed a series of legal claims including excessive use of force, false imprisonment, violation of the First Amendment, and deliberate indifference. It was unclear who plaintiff was asserting these claims against or what plaintiff sought in terms of relief. Accordingly, the court granted him leave to file an amended complaint.

1

1   Rather than filing an amended complaint, plaintiff filed a motion for preliminary
2  injunctive relief.  The court denied plaintiff's motion.  First, plaintiff's motion was defective.
3  See Local Rule 65-231.  Second, plaintiff's motion was premature because no defendants had
4  been served at the time and thus had not been provided an opportunity to respond to plaintiff's
5  allegations.  Finally, plaintiff's motion was incoherent.  As was the case with plaintiff's
6  complaint, the court was unable to determine who plaintiff was asserting claims against or what
7  plaintiff sought in terms of relief.
8   Plaintiff then filed several motions for an extension of time to file an amended
9  complaint, which the court granted.  Plaintiff failed, however, to timely file an amended
10 complaint.  Therefore, on April 22, 2009, the court issued findings and recommendations,
11 recommending that this action be dismissed without prejudice.  Plaintiff subsequently filed
12 objections to those findings and recommendations.  He also filed two amended complaints.
13 Good cause appearing, the court will vacate its findings and recommendations.  However, for the
14 reasons discussed below, the court will recommend that this action be dismissed as frivolous.

15                     **PLAINTIFF'S AMENDED COMPLAINTS**

16   Plaintiff has filed two incoherent amended complaints with the court.  In his
17 amended complaint filed May 4, 2009, plaintiff identifies more than twenty defendants.
18 However, he only alleges that defendant Maddox let a lockdown prisoner out of his assigned cell
19 without an escort.  Notably, plaintiff does not allege that this prisoner harmed him.  Nor does
20 plaintiff allege any wrongdoing by any of the defendants that rises to the level of a constitutional
21 violation.  He nevertheless summarily concludes that the defendants violated his rights under the
22 Eighth Amendment.  The remainder of plaintiff's amended complaint is unclear and simply too
23 difficult to decipher.
24   In his amended complaint filed May 20, 2009, plaintiff also identifies more than
25 twenty defendants.  He alleges that the defendants have been deliberately indifferent to his
26 serious medical needs.  Notably, plaintiff does not allege what his serious medical needs are.

Nor does he allege how the defendants were deliberately indifferent to his serious medical needs. Again, the remainder of plaintiff's amended complaint is unclear and simply too difficult to decipher.

## ANALYSIS

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

In this case, both of plaintiff's amended complaints fail to state a cognizable claim. They also fail to comply with Rule 8(a)(2). In the court's previous order instructing plaintiff how to proceed with an amended complaint, the court advised plaintiff of various legal standards that may govern his claims. The court also advised plaintiff that he needed to allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Based on the court's review of plaintiff's amended complaints as well as plaintiff's other filings throughout the course of this action, it is now clear that this action should be dismissed as frivolous. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile.").

## CONCLUSION

IT IS HEREBY ORDERED that:

1. The court's April 22, 2009 findings and recommendations are vacated;

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that this action be dismissed as frivolous. See 28 U.S.C. § 1915A.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 4, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
biag2646.56

4